NEWMAN, Circuit Judge,
concurring-in-part, dissenting-in-part.
I join the court’s opinion except for Part 11(B), wherein my colleagues hold that the district court “abused its discretion in failing to consider [Waggett’s] ability to pay *1311 when fashioning the sanction against him,” and ruling that Waggett shall have no financial consequence of the discovery misconduct for which he was responsible.
The district court held a special hearing, received testimony from all the participants, and decided that liability should be “joint and several” against the company, its chief executive officer Haase, and their lawyer Waggett. The decision not to disclose negative information of which the lawyer was in possession, and of whose adverse implications the lawyer was fully aware, was the lawyer’s responsibility. It is not denied that the withheld molecular weight measurements showed that the products tested had only half of the minimum molecular weight required by the patent claims. Although Mr. Waggett told the district court that he mistakenly thought the test results were privileged, they were not included in the privilege log; that log was the lawyer’s responsibility.
My colleagues do not attribute their exoneration of Mr. Waggett to a benevolent toleration of human error; they attribute it to his inability to pay. Although ability to pay is a factor that a court can consider, we have been presented with no argument that Waggett cannot pay any share of the greatly reduced award on this appeal. The plea of hardship was raised in the context of the district court’s award of $2,717,098. We have reduced the total award to $121,107, which is less than one twentieth of the amount on which this appeal was taken. Nor do we know how the three sanctioned entities might allocate the burden among themselves, for they surely have a fuller knowledge than we as to both culpability and resources.
We have been shown no abuse of the district court’s discretion in the imposition of joint and several liability. Thus I must, respectfully, dissent from the panel’s exoneration of the attorney from the monetary consequences of his admittedly improper actions. At least, the matter should be remanded to the district court to consider Mr. Waggett’s asserted inability to pay.